TotteN, J.,
delivered the opinion of the court.
This action, in debt, commenced before a Justice, came into the circuit court of Humphreys, on plaintiff’s appeal; when, on a trial de novo, judgment was rendered for defendant, and the plaintiff appealed in error to this court.
The case presents a question of set-off. The action is founded upon a note, executed by defendant, to Isaac Hooper, for fifty dollars, due December 25th, 1846. It was endorsed by the payee to one J. Adams, by him to N. Hooper, and by him to A. Given, the cestui que use in this suit, who struck out the endorsements and sued in name of' the payee, for his own use.
The defendant is the payee and holder of a note on said J. Adams, for sixty-five dollars, due May 5th, 1846, and held this note whilst Adams, as endorser, was holder of the first named note, which was then over due. Adams left the county, perhaps insolvent, and now the defendant insists upon his note as a set-off against the plaintiff’s demand.
ITis honor, the judge, was of opinion that it was a valid set-off, and so, in effect, instructed the jury; and the argument to be inferred from the charge is, that when said Adams was the holder and owner of the note on defendant, he was also indebted to defendant by the other note, and the one was a valid set-off against the other; and, therefore, when Adams transferred the note on defen *496 dant, it being over due, the holder, and all subsequent holders, though for value, and without notice of the set-off, took the note subject to defendant’s equitable right of set-off. Ve consider that this opinion of his honor, was erroneous.
Set-off is in the nature of a cross action, and is allowed in a case of mutual debts, in the same right subsisting at the commencement of the litigation; Act 1756, ch. 4, § 7; Keith vs. Smith, 1 Swan’s R., 92.
Now, here the debts are not mutual, and that is a fatal ■objection to the set-off. ’Tis true that if Adams were plaintiff, the set-off would be good; for, in that case, the debts would be mutual. But when Adams transferred the note, the debts were no longer mutual, and the right to the set-off continued no longer; for, how could defendant bring a cross action against Given, on the note against Adams, for which Given was in no respect liable? ’Tis true, that as the note on defendant came to Given after it fell due, Given takes it subject to any legal defence that may be made against it, as that it is void for fraud or other sufficient cause; or that it has been paid. But the plea of set-off does not impeach the note; on the contrary, it is an admission that the note is valid, and remains unpaid, and a party pleading it merely insists, that he, too, is entitled to a recovery against the plaintiff, and that the one recovery be set off against the other. Certainly it cannot be said that Given took the note subject to a cross action and recovery against himself, for the debts of another person, for which he is in no wise bound. We may further observe, in this connection, that a matter of set-off is not necessarily connected with the plaintiff’s demand, as a payment is; but the defendant may, instead of a cross action, bring a sep *497 arate and independent action on Ms demand. We say nothing in the present case, as to the effect of a fraudulent assignment by an insolvent party, made with intent to defeat the equitable right of set-off, for it is conceded that Given is a Iona fide holder for value.
Let the judgment be reversed, and the cause be remanded for a new trial.
Judgment reversed.